UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X
PATRICK PALMER,

                                 Plaintiff,

          -against-

THE CITY OF NEW YORK,
POLICE OFFICER JORGE CHAVEZ (SHIELD 11332),
POLICE OFFICER MILENIA ESTEVEZ (SHIELD 04102),
EMERGENCY MEDICAL TECHNICIAN MICHAEL FERRARA,
AND
EMERGENCY MEDICAL TECHNICIAN JERMAINE MARSHALL,

                                Defendants.
----------------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

16 CV 10037 (RJS)

      Plaintiff, PATRICK PALMER, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his First Amended Complaint, respectfully alleges, upon information and belief:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

2. Plaintiff also brings this action pursuant to state law.

## **JURISDICTION**

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

5. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in Bronx County, in the State of New York.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## NOTICE OF CLAIM

7. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

8. Plaintiff complied with all conditions precedent to commencing an action pursuant to New York State Law.

## PARTIES

9. Plaintiff, PATRICK PALMER, is currently a resident of the County of Queens, City and State of New York.

10. At all relevant times hereinafter mentioned, Plaintiff, PATRICK PALMER, was a resident of Bronx County, City and State of New York.

11. At all relevant times hereinafter mentioned, Defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), the

2

FIRE DEPARTMENT OF THE CITY OF NEW YORK ("FDNY") and their employees.

12. At all relevant times hereinafter mentioned, Defendant POLICE OFFICER JORGE CHAVEZ (SHIELD 11332), was an individual employed by the City of New York as a member of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). Defendant POLICE OFFICER JORGE CHAVEZ is sued herein in his official and individual capacities.

13. At all relevant times hereinafter mentioned, Defendant POLICE OFFICER MILENIA ESTEVEZ (SHIELD 04102), was an individual employed by the City of New York as a member of the NEW YORK CITY POLICE DEPARTMENT ("NYPD"). Defendant POLICE OFFICER MILENIA ESTEVEZ is sued herein in her official and individual capacities.

14. At all relevant times hereinafter mentioned, Defendant Emergency Medical Technician ("EMT") MICHAEL FERRARA, was an individual employed by the City of New York as a member of the FIRE DEPARTMENT OF THE CITY OF NEW YORK ("FDNY"), as an Emergency Medical Technician ("EMT"). Defendant EMT MICHAEL FERRARA is sued herein in his official and individual capacities.

15. At all relevant times hereinafter mentioned, Defendant Emergency Medical Technician ("EMT") JERMAINE MARSHALL, was an individual employed by the City of New York as a member of the FIRE DEPARTMENT OF THE CITY OF NEW YORK ("FDNY"), as an Emergency Medical Technician ("EMT"). Defendant EMT JERMAINE MARSHALL is sued herein in his official and individual capacities.

16. At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW

YORK.

17. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant, THE CITY OF NEW YORK.

18. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant, THE CITY OF NEW YORK.

## FACTS

19. On January 29, 2016, at approximately 8:00 a.m., Plaintiff PATRICK PALMER, was lawfully present inside of his apartment located at 3440 Fish Avenue, in the County of Bronx, City and State of New York.

20. At this time, Plaintiff was asleep in his apartment and awoke to the sound of the Defendants knocking on his bedroom door.

21. Plaintiff was not engaged in any illegal or suspicious activity, and in fact the Defendants stated to Plaintiff that they did not want to speak to him in connection with any crime.

22. Plaintiff informed the Defendants that he did not want to speak to them and he did not want to let them into his bedroom.

23. Nonetheless, the Defendants became increasingly, unjustifiably aggressive, threatening, and demanding.

24. The Defendants asked Plaintiff to exit his bedroom.

25. Plaintiff exited his bedroom in accordance with the Defendants' requests.

26. Without any warning or legal justification, the Defendant Estevez then tased the Plaintiff in his stomach and chest, causing Plaintiff to lose consciousness and experience pain, loss of motor skills, blurry vision, and trouble breathing.

4

27. Plaintiff was not engaged in any illegal or suspicious activity, and there was no basis or justification for the Defendants to enter the Plaintiff's apartment and use any level of force on him, much less the force that was used in tasing him and in otherwise assaulting him.

28. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants placed the Plaintiff in handcuffs.

29. Plaintiff repeatedly asked the Defendants why they were tasing him, assaulting him, and why they had handcuffed him.

30. The Defendants did not provide the Plaintiff with any explanation.

31. The Defendants then removed Plaintiff from his apartment, took him to an ambulance, and transported him against his will to Jacobi Medical Center, where Plaintiff received treatment for the injuries he sustained at the hands of the Defendants, including having the taser prongs painfully removed from his body.

32. Plaintiff remained in the custody of the Defendants while at Jacobi Medical Center, though he was never charged with any crime or violation.

33. After several hours, Plaintiff was released from the hospital and from the custody of the Defendants without any charge or explanation.

34. The decision to arrest and use force against Plaintiff was objectively unreasonable under the circumstances.

35. At no time did there exist sufficient cause to seize or arrest or use any force against the Plaintiff, nor could the Defendants have reasonably believed that such cause existed.

36. At no time did Defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against Plaintiff.

37. The individual Defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the Defendants who engaged in the misconduct described herein as required.

38. That at all times relevant herein, the Defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION
### FOR FALSE ARREST AND EXCESSIVE FORCE
### PURSUANT TO 42 U.S.C. § 1983

39. Plaintiff PATRICK PALMER repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

40. At no time did Defendants have any legal basis for arresting or imprisoning Plaintiff, or using any force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

41. Defendants willfully and intentionally seized, searched, detained, arrested, and assaulted Plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

42. By so doing, the individual Defendants, individually and collectively, subjected Plaintiff to false arrest and imprisonment, excessive force, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

43. By reason thereof, the individual Defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the

deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
## FOR MUNICIPAL LIABILITY
## PURSUANT TO 42 U.S.C. SECTION 1983

44. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. The NYPD Defendants arrested, searched, and falsely imprisoned Plaintiff PATRICK PALMER, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and imprisonment would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

46. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

48. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

7

49. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

50. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, PATRICK PALMER.

51. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was searched and placed under arrest unlawfully.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

55. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

56. All of the foregoing acts by Defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

### THIRD CAUSE OF ACTION FOR FALSE ARREST AND EXCESSIVE FORCE PURSUANT TO NEW YORK STATE LAW

57. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

58. At all times hereinafter mentioned, Defendant THE CITY OF NEW YORK assumed responsibility supervision, and authority over THE NEW YORK CITY POLICE DEPARTMENT and the FIRE DEPARTMENT OF THE CITY OF NEW YORK and, its agents, servants and employees, and is liable to Plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

59. Plaintiff was detained, assaulted, and held under the imprisonment and control of the Defendants under false pretenses.

60. Due to the negligence of the Defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE CITY OF NEW YORK, and acting under authority of the NEW YORK CITY POLICE DEPARTMENT and FIRE DEPARTMENT OF THE CITY OF NEW YORK, falsely arrested and imprisoned the Plaintiff, without warrant, authority of law or probable cause therefore.

61. The acts and conduct on the part of the individual Defendants constituting the false arrest and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining Plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining Plaintiff through the unlawful arrest of Plaintiff; unlawfully detaining and confining Plaintiff through the use of force; unlawfully arresting Plaintiff and placing Plaintiff in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of Plaintiff.

62. At all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

63. Plaintiff was conscious of the confinement.

64. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, physical injury, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

65. By the actions described above, the individual Defendants and THE CITY OF NEW YORK caused Plaintiff to be subjected to excessive force, false arrest and/or false imprisonment without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

66. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
June 1, 2017

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/S/
By: JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020