UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

PATRICK PALMER,

                                                          Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER JORGE CHAVEZ (SHIELD 11332), POLICE OFFICER MILENIA ESTEVEZ (SHIELD 04102), EMERGENCY MEDICAL TECHNICIAN MICHAEL FERRERA, AND EMERGENCY MEDICAL TECHNICIAN JERMAINE MARSHALL,

                                                          Defendants.

------------------------------------------------------------------------ X

**ANSWER TO THE FIRST AMENDED COMPLAINT BY DEFENDANT CITY OF NEW YORK, ESTEVEZ, FERRARA AND MARSHALL**

16 Civ. 10037 (RSJ) (JLC)

**Jury Trial Demanded**

        Defendant, City of New York, Milenia Estevez, Michael Ferrara, Jermaine Marshall,[1] by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Deny the allegations contained in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        2.     Deny the allegations contained in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        3.     Deny the allegations contained in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.     Deny the allegations contained in paragraph "4" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, Jorge Chavez has not been served with process as he is on military leave.

5. Deny the allegations contained in paragraph "5" of the Complaint, except admit that Plaintiff purports to base venue as stated therein.

6. Paragraph "6" of the Complaint is Plaintiff's jury demand, to which no response is required.

7. Deny the allegations contained in paragraph "7" of the Complaint, except admit that the Comptroller's Office received a documents purporting to be a Notice of Claim on April 21, 2016 and that the City has not adjusted or paid the purported claim.

8. Deny the allegations contained in paragraph "8" of the Complaint, except admit that Plaintiff commenced this action on December 30, 2016.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11. Deny the allegations contained in paragraph "11" of the Complaint, except admit that the City of New York is a municipal corporation duly incorporated under the laws of the State of New York and respectfully refer the Court to the New York City Charter and the New York City Administrative Code for a full recitation of the relationship between Defendant City and the New York City Police Department ("NYPD") and Fire Department of the City of New York ("FDNY").

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint, except admit that on January 29, 2016 the City of New York employed Jorge Chavez as a police officer and plaintiff purports to sue him in both his individual and official capacities.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint, except admit that on January 29, 2016 the City of New York employed Milenia Estevez as a police officer and plaintiff purports to sue her in both her individual and official capacities.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14" of the Complaint, except admit that on January 29, 2016 the City of New York employed Michael Ferrara as an emergency medical technician and plaintiff purports to sue him in both his individual and official capacities.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint, except admit that on January 29, 2016 the City of New York employed Jermaine Marhsall as an emergency medical technician and plaintiff purports to sue him in both his individual and official capacities

16. Paragraph "16" of the Complaint contains only conclusions of law to which no response is required.

17. Paragraph "17" of the Complaint contains only conclusions of law to which no response is required.

18. Paragraph "18" of the Complaint contains only conclusions of law to which no response is required.

19. Deny the allegations contained in Paragraph "19" of the Complaint.

20. Deny the allegations contained in paragraph "20" of the Complaint.

21. Deny the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph "24" of the Complaint, except admit that Plaintiff was asked to exit his bedroom.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint, except admit that plaintiff was tased and deny knowledge or information sufficient to form a belief as to the truth of whether Plaintiff lost consciousness or his motor skills, experienced pain, blurred vision or had trouble breathing.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Deny the allegations contained in paragraph"28" of the Complaint, except admit that Plaintiff was handcuffed.

29. Deny the allegations contained in paragraph "29" of the Complaint.

30. Deny the allegations contained in paragraph "30" of the Complaint.

31. Deny the allegations contained in paragraph "31" of the Complaint, except admit that emergency medical personnel removed Plaintiff from his apartment and transported him to Jacobi Medical Center for a psychological evaluation and the removal a taser prong.

32. Deny the allegations contained in paragraph "32" of the Complaint, except admit that plaintiff was never charged with a crime or violation.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

39. In response to the allegations contained in paragraph "39" of the Complaint, Defendant repeats and realleges the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

40. Deny the allegations contained in paragraph "40" of the Complaint.

41. Deny the allegations contained in paragraph "41" of the Complaint.

42. Deny the allegations contained in paragraph "42" of the Complaint.

43. Deny the allegations contained in paragraph "43" of the Complaint.

44. In response to the allegations contained in paragraph "44" of the Complaint, Defendant repeats and realleges the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

45. Deny the allegations contained in paragraph "45" of the Complaint.

46. Deny the allegations contained in paragraph "46" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

47. Deny the allegations contained in paragraph "47" of the Complaint.

48. Deny the allegations contained in paragraph "48" of the Complaint.

49. Deny the allegations contained in paragraph "49" of the Complaint.

50. Deny the allegations contained in paragraph "50" of the Complaint.

51. Deny the allegations contained in paragraph "51" of the Complaint.

52. Deny the allegations contained in paragraph "52" of the Complaint.

53. Deny the allegations contained in paragraph "53" of the Complaint.

54. Deny the allegations contained in paragraph "54" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

55. Deny the allegations contained in paragraph "55" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

56. Deny the allegations contained in paragraph "56" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

57. In response to the allegations contained in paragraph "57" of the Complaint, Defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

58. Paragraph "58" of the Complaint contains only conclusions of law to which no response is required.

59. Deny the allegations contained in paragraph "59" of the Complaint.

60. Deny the allegations contained in paragraph "60" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

61. Deny the allegations contained in paragraph "61" of the Complaint and its subparts.

62. Deny the allegations contained in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64. Deny the allegations contained in paragraph "64" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

65. Deny the allegations contained in paragraph "65" of the Complaint insofar as it contains allegations of fact; insofar as it contains conclusions of law, no response is required.

66. Deny the allegations contained in paragraph "66" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

67. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

68. There was probable cause for Plaintiff's detention.

**THIRD AFFIRMATIVE DEFENSE:**

69. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity.

**FOURTH AFFIRMATIVE DEFENSE:**

70. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of the Defendant City of New York.

**FIFTH AFFIRMATIVE DEFENSE:**

71. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

**SIXTH AFFIRMATIVE DEFENSE:**

72. Punitive damages cannot be assessed against the City of New York.

**SEVENTH AFFIRMATIVE DEFENSE:**

73. Plaintiff's claims may be barred, in part, by his failure to comply with New York General Municipal Law §§ 50(e), *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE:

74. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

## NINTH AFFIRMATIVE DEFENSE:

75. Punitive damages cannot be assessed against the City of New York.

## TENTH AFFIRMATIVE DEFENSE:

76. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE:

77. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion

**WHEREFORE,** defendants City of New York, Estevez, Marshall, and Ferrara request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 7, 2017

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007
(212) 356-3541

By: _____
PERNELL M. TELFORT
*Assistant Corporation Counsel*
Special Federal Litigation

To: Jessica Massimi, Esq. (by ECF)
Law Offices of Michael S.
Lamonsoff, PLLC
*Attorney for Plaintiff*